NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICKY KAMDEM-OUAFFO,**

*Plaintiff-Appellant*

**v.**

**FEIN, SUCH, KAHN & SHEPARD, P.C., BORELLI & ASSOCIATES P.L.L.C., PHILIP A. KHAN, MICHAEL J. BORRELLI, ANTHONY P. MALECKI, DOLORES M. DEALMEIDA, BRIAN LESLIE MCCABE, ROBERT LOUGY, MICHELLE M. SMITH, TD BANK, N.A., PEPSICO INC., JONATHAN C. THAU LLP, RICHARD M. HUNTER, LONDON FISCHER LLP, PETER S. GIVEN, JR., NAIJIE ZHANG, AIDA COSTELLO,**

*Defendants-Appellees*

**ROBERT A. BRUNO, SETTLEMENTS SYSTEMS INC, ARMANDO B. FONTOURA, LUBOJA AND THAU LLP, RICHARD M. HUNTER P.L.L.C., JOHN DOE, JANE DOE, ABC CORP. (1 10),**

*Defendants*

---

2026-1141

---

Appeal from the United States District Court for the District of New Jersey in No. 3:22-cv-04174-ZNQ-RLS, Judge Zahid N. Quraishi.

---

2      KAMDEM-OUAFFO v. FEIN, SUCH, KAHN & SHEPARD, P.C.

Before STOLL, WALLACH, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

## O R D E R

Ricky Kamdem-Ouaffo filed suit in the federal district court in New Jersey against various private defendants over garnishment of his bank accounts. The United States Court of Appeals for the Third Circuit affirmed the trial court's dismissal of his complaint. He now appeals the district court's denial of his motions for post-judgment relief and disqualification. In response to this court's show cause order, the appellees urge dismissal of the appeal on the ground that it is frivolous. Mr. Kamdem-Ouaffo argues in support of our jurisdiction.

Generally, this court only has jurisdiction over an appeal from a final district court decision in cases involving the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see id.* § 1295(a)(4)(C); and cases involving certain damages claims against the United States not exceeding $10,000 in amount, *id.* §§ 1295(a)(2), 1346(a)(2). Mr. Kamdem-Ouaffo's case does not fall within any of those categories.[1] We further deem it appropriate to transfer to the United States Court of Appeals for the Third Circuit under 28 U.S.C. § 1631, leaving it to that court to address the merits issues.

Accordingly,

---

[1]    Even if Mr. Kamdem-Ouaffo accurately characterized his complaint as concerning whistleblowing over a former private employer's use of a substance that was covered by a patent, the action would still not assert a claim "arising under" the patent laws within our jurisdiction.

KAMDEM-OUAFFO v. FEIN, SUCH, KAHN & SHEPARD, P.C.         3

IT IS ORDERED THAT:

This matter and all case filings are transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

January 21, 2025
        Date